# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

_Timothy Dean Curphey_____, Plaintiff

v.

_"SEE ATTACHED"_____,

_____,

_____,

_____, Defendant(s).

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2  2021

JEFFREY P. COLWELL
CLERK

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

Defendants Continued:
Lieutenant Wassell,
Correctional officer Wilcox,
Correctional officer Karasawa,
Correctional officer Verrizano,
Correctional officer John Doe #1-4,
Dr. Winters,
Dr. Norton,
Health Services Administrator Lindgren,
United States of America,
             Defendants.

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be
served by filing a notice of change of address.  Failure to keep a current address on file with the
court may result in dismissal of your case.*

Timothy Curphey, #18750-030        U.S.P. Thomson
P.O. Box 1002
Thomson, IL. 61285

(Name, prisoner identification number, and complete mailing address)

Tim Curphey

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____    Pretrial detainee
____    Civilly committed detainee
____    Immigration detainee
____    Convicted and sentenced state prisoner
$\boxtimes$    Convicted and sentenced federal prisoner
____    Other: (*Please explain*) _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If
more space is needed, use extra paper to provide the information requested.  The additional
pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:    Lieutenant Wassell, Lieutenant, U.S.P. Florence,

(Name, job title, and complete mailing address)

P.O. Box 7500, Florence, CO. 81226

At the time the claim(s) in this complaint arose, was this defendant acting under
color of state or federal law?  $\boxtimes$ Yes ___ No (*check one*).  Briefly explain:

Lt. Wassell is employed by the FBOP, a government

agency, and knowingly engaged in negligent, wrongful acts and/or
omissions.

Defendant 1 is being sued in his/her $\boxtimes$ individual and/or $\boxtimes$ official capacity.

2

Defendant 2: C/o Wilcox, Correctional officer, U.S.P. Florence,
(Name, job title, and complete mailing address)

P.O. Box 7500, Florence, CO. 81226

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? X Yes ___ No (*check one*). Briefly explain:

C/o wilcox is employed by the FBOP, a government agency, and knowingly engaged in negligent, wrongful acts, and/or omissions.

Defendant 2 is being sued in his/her X individual and/or X official capacity.

Defendant 3: C/o Karasawa, Correctional officer, U.S.P. Florence,
(Name, job title, and complete mailing address)

P.O. Box 7500, Florence, CO. 81226

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? X Yes ___ No (*check one*). Briefly explain:

C/o Karasawa is employed by the FBOP, a government agency, and knowingly engaged in negligent, wrongful acts and/or omissions

Defendant 3 is being sued in his/her X individual and/or X official capacity.

"SEE ATTACHED"

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

____    42 U.S.C. § 1983 (state, county, and municipal defendants)

X    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

X    Other: (*please identify*) 28 U.S.C. § 1346

## B. DEFENDANTS INFORMATION

Defendant 4: C/o Verrazano, Correctional officer, U.S.P. Florence, P.O. Box 7500, Florence, CO. 81226

At the time the claims in this complaint arose, this defendant was acting under the color of Federal law.

C/o Verrazano is employed by the FBOP, a government agency, and knowingly engaged in negligent, wrongful acts and/or omissions.

Defendant 4 is being sued in his "Individual" and "Official" Capacity.

Defendant 5: C/o John Doe #1-4, Correctional officer, U.S.P. Florence, P.O. Box 7500, Florence, CO. 81226

At the time the claims in this complaint arose, this defendant was acting under the color of Federal law.

C/o John Doe #1-4 is employed by the FBOP, a government agency, and knowingly engaged in negligent, wrongful acts and/or omissions.

Defendant 5 is being sued in his/her "Individual" and "Official" Capacity.

Defendant 6: Dr. Winters, Chief Psychologist, U.S.P. Florence, P.O. Box 7500, Florence, CO. 81226

At the time the claims in this complaint arose, this defendant was acting under the color of Federal law.

Dr. Winters is employed by the FBOP, a government agency, and Knowingly engaged in negligent, wrongful acts and/or omissions.

3 a.

## B. DEFENDANTS INFORMATION

Defendant 6 is being sued in her "Individual" and "Official" capacity.

Defendant 7: Dr. Norton, Medical Doctor, U.S.P. Florence, P.O. Box 7500, Florence, Co. 81226.

At the time claims in this Complaint arose, this defendant was acting under the Color of Federal law.

Dr. Norton is employed by the FBOP, a government agency, and knowingly engaged in negligent, wrongful acts and/or Omissions.

Defendment 7 is being sued in his "Individual" and "Official" Capacity.

Defendant 8: HSA Lindgren, Health Services Administrator, U.S.P. Florence, P.O. Box 7500, Florence, Co. 81226.

At the time the Claims in this Complaint arose, this defendant was acting under the color of Federal law.

HSA Lindgren is employed by the FBOP, a government agency, and knowingly engaged in negligent, wrongful acts and/or omissions.

Defendant 8 is being sued in her "Individual" and "official" Capacity.

Defendant 9: United States of America; Is being supplanted as the tortfeasor for the above named and listed defendants for their negligent, wrongful acts and/or omissions pursuant to the FTCA.

3 b,

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Excessive use of Force, Failure to protect/intervene, Assault, Battery, Negligence, Gross Negligence

Supporting facts:

On December 31, 2019, while housed at U.S.P. Florence's Shu on range A-1 cell #120, my cellmate, Ryan Carroll, and I covered the cell door window due to not being afforded hygiene supplies, proper mattresses, linens, clothing, stamps. At around 11:00 a.m. correctional officer Azziz ordered us to uncover our cell door window in which my cellmate and I refused to do until we received the above specified appropriate necessities. Upon refusal to uncover the window one of the named or unidentified correctional staff opened the slot located on the door and released a large quantity of OC gas then closed the door's slot and began to count. My cellmate and I immediately uncovered the door's window and attempted to submit to hand restraints. Lt. Wassell, C/o Wilcox, C/o Karasawa, C/o Verrazano, C/o John Doe #1-4, and Dr. Winters intentionally neglected our attempt to submit to hand restraints and refused to place hand restraints on my cellmate and I. Soon after, the defendants re opened the door's slot and allowed my cellmate and

4

(See Attached)

## D. STATEMENT OF CLAIMS

### Claim One Continued:

I to submit to hand restraints. Once handcuffed with our hands behind our backs the defendants opened the cell door the began to punch me in the face and head knocking me towards the back of the cell and onto the floor. While on the floor I was repeatedly punched in the face and head, one defendant placed his knee on the back of my neck hendering my breathing and my ability to avoid the punches, other defendants kicked and kneed me in my upper and lower body causing me to deficate on myself twice. After being savagely beaten in the cell I was taken out of the cell and escorted backwards to what I believe was the SHU's medical exam room. While being escorted the defendant that was holding my head down repeatedly punched and kneed me in the face. While inside the medical exam room I was surrounded by the defendants whom had just finished administering a severe beating to me. I was scared, intimidated, and in shock from the sheer violence I was just subjected to. RN Garcia conducted the medical assessment at which time I initially denied having any injuries out of fear, intimidation, and the shock while fearing immediate retaliation from the defendants whom surrounded me. Yet, I clearly suffered facial injuries and injuries that required further testing and assessment to determine the severity which is evident via the hand held video camera that was held and operated by defendant Dr. Winters during the use of excessive force and the medical assessment.

At all times relevant Lt. Wassell, C/o Karasawa, C/o Wilcox, C/o Verrazano, C/o John Doe #1-4, and Dr. Winters failed to protect and/or intervene while engaging in the savage beating of plaintiff and/or

4a.

## D. STATEMENT OF CLAIMS

failing to prevent or stop the savage beating of plaintiff equating to the deliberate indifference to plaintiff's health and safety when the defendants knew or should have known that their acts and/or omissions caused a substantial risk of harm and led to the plaintiff sustaining injuries to his face, nose, head, left shoulder, body, and causing mental anguish. Dr. Winters and Lt. Wassel are also being sued for superviser liability for their participation in the acts and/or omissions and for failing to remedy a wrong and/or prevent the wrong from occuring.

At all times relevant defendants C/o Karasawa, C/o Wilcox, C/o Verrazano, and C/o John Doe #1-4 assaulted, battered, and used excessive force on and against Plaintiff, resulting in injuries to his face, nose, head, left shoulder, body, and causing mental anguish.

Plaintiff has and will have evidentiary support proving the aforementioned claims after a reasonable opportunity for further investigation or discovery; assigning specific acts of assault, battery and excessive force to each named defendant.

As a proximate result of the defendants acts and/or omissions the Plaintiff has suffered a dislocated left shoulder, chipped bone in his left shoulder, facial contusions and mental and emotional distress, to include but not limited to; an inability to sleep properly, anxiety, an abnormal fear of correctional officers, paranoia of staff, depression, nightmares, mood swings, and chronic headaches.

By committing the above detailed acts and/or omissions the defendants, and each of them, have deprived the Plaintiff of his Eighth Amendment Constitutional right to be free from cruel and unusual punishment including the right to be free from the use of excessive force and the failure to protect plaintiff from

4b.

## D. STATEMENT OF CLAIMS-

Known risks to his health and safety for which the defendants are being sued in their "Individual Capacity".

The above detailed acts and/or omissions constitute actionable torts under the laws of the state of Colorado for which the defendants are being sued in their "Official Capacity" pursuant to the FTCA and includes but not limited to: Assault, battery, Negligence, Gross Negligence.

4 c.

## D. STATEMENT OF CLAIMS

### Claim Two: Medical Negligence/Malpractice; Inadequate Medical care; Deliberate indifference

Plaintiff realleges, reaffirms, and incorporates herein by reference each and every factual allegation contained in "Claim One" herein.

On December 31, 2019, Plaintiff's left shoulder was dislocated and his left shoulder bone was chipped during a use of excessive force, assault, and battery perpetrated by the above named defendants. Soon after the violent attack on plaintiff the Plaintiff informed defendant HSA Lindgren of the extreme pain his left shoulder was causing him. HSA Lindgren responded to Plaintiff's notification by stating "there is a new medicine out and you should take it!" Plaintiff then asked HSA Lindgren what the new medicine was, to which HSA Lindgren stated "Try actin', try actin' like a man instead of a Woman!" Plaintiff received no medical attention for his visibly noticeable injuries inspite of Plaintiff's obvious need. Thereinafter, Plaintiff submitted Sick-call requests to HSA Lindgren, RN Bailey, and RN Newsom regularly stating that Plaintiff was in extreme pain due to his left Shoulder and that Plaintiff had limited use of his left arm. Plaintiff also informed the morning and evening pill-line nurses of his need for medical care for his left shoulder injuries also to no avail. RN Alms, RN Bailey, RN Newsom, and RN Garcia all stated that they could see that Plaintiff's left shoulder was "messed up" but no medical care was forthcoming. Upon Plaintiff's continued complaints about his left shoulder to HSA Lindgren during her weekly SHU rounds HSA Lindgren asked Plaintiff, "did you learn anything?", "that's a day you will never forget!" and continuously intentionally neglected to provide Plaintiff with medical care and/or remedy the deliberate neglect by HSA Lindgren's medical

4 d.

## D. STATEMENT OF CLAIMS

Staff as HSA Lindgren is the Health Services department Supervisor.

In May 2020 while conducting sick-call exams in SHU, Dr. Jade Norton walked past Plaintiff's cell and Plaintiff asked to speak to him. Plaintiff showed Dr. Norton Plaintiff's left shoulder at which time Dr. Norton had Plaintiff removed from his cell and placed in the SHU's medical exam room. Dr. Norton's initial diagnosis based on his visual examination of Plaintiff's left shoulder injury was a partially dislocated shoulder and he ordered x-rays. Plaintiff received an x-ray for his left shoulder in June 2020 which the results revealed that a 2cm piece of bone was broken off Plaintiff's left shoulder and lodged in his left shoulder muscle tissue and that his left shoulder was dislocated. Dr. Norton then scheduled Plaintiff for an Orthopedic Surgery Consultation which Plaintiff has yet to receive.

On or about May 29, 2020, Plaintiff was examined by Dr. Norton for injuries sustained during the ferocious beating of Plaintiff that occured on December 31, 2019. As evidenced in the Clinical Encounter form for the May 29, 2020, examination, Dr. Norton deliberately falsely attributes Plaintiff's injuries as being sustained due to a fall in December 2019 when Plaintiff plainly stated that his injuries resulted from the vicious attack by defendants. During this exam Dr. Norton ordered x-rays for Plaintiff's injured left shoulder which Plaintiff received on June 12, 2020. The x-ray results revealed a 2cm chipped piece of shoulder bone lodged in soft tissue, an intra-articular/synovial loose body, and mild to moderate osteoarthritis of the inferior left glenohumeral joint. Despite these findings and Plaintiff's persistent complaints of pain, no pain medication was prescribed or administered to Plaintiff resulting in constant, prolonged considerable pain.

Plaintiff was not in receipt of pain medication despite his constant complaints of pain due to his left shoulder

4e.

## D. STATEMENT OF CLAIMS

injuries. Plaintiff received medical care in the form of diagnostic testing via an X-ray 5 months after sustaining his injuries constituting a deliberate delay of medical care all contributing to Plaintiffs unnecessary prolonged pain and suffering constituting a direct violation of his Eighth Amendment Constitutional right to adequate and timely medical care.

On or about June 16, 2020, Dr. Norton requested Orthopedic Surgery to repair Plaintiff's left shoulder injury, Specifically his left shoulder loose body. The scheduled target date for this surgery was July 31, 2020. Plaintiff never received the surgery nor any further treatment for his injuries to date, resulting in continued prolonged considerable pain.

Also noted in Plaintiffs June 12, 2020 x-ray results is the fact that Plaintiff has suffered a left shoulder dislocation since injuries on December 31, 2019. Dr. Norton believed Plaintiff to have suffered dislocated left shoulder during Plaintiff's May 29, 2020 exam yet failed to administer or prescribe pain medication.

As a proximate result of HSA Lindgren's act and/or omissions Plaintiff suffered prolonged considerable pain and suffering from his left shoulder injuries, face and nose injuries also resulting in mental and emotional distress to include but not limited to: an inability to obtain adequate sleep, anxiety, an abnormal fear of correctional officers, paranoia of BOP staff, depression, nightmares, mood swings, and chronic headaches.

By committing the above detailed acts and/or omissions HSA Lindgren deprived the Plaintiff of his Eighth Amendment Constitutional right to be free of cruel and unusual punishment, including the right to adequate and timely medical care when such violations are known to place Plaintiff at a substantial risk of harm and for which HSA Lindgren is being sued in her "Individual Capacity."

The above detailed acts and/or omissions Constitute actionable torts under the laws of the State of Colorado

4 f.

## D. STATEMENT OF CLAIMS

for which HSA Lindgren is being sued in her "Official Capacity" pursuant to the FTCA and includes but not limited to: Medical Negligence/malpractice.

Plaintiff states that due to his custody in and control by the BOP he is unable to obtain a certificate of review from any BOP employed medical professionals. Plaintiff respectfully requests that he be allowed to proceed with his "Bivens" and "FTCA" claims based on his factual allegations contained in this instant complaint as there is evidence in support of Plaintiff's claims and the factual claims themselves necessitate the ability to proceed without the need for a Certificate of review.

With regard to "Claim One" through "Claim Two" Plaintiff reserves the right to rely on the doctrine of Res Ipsa Loquitur and the Continuing Wrong Doctrine.

4 g.

## E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?   ___ Yes ✗ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):                 _____

Docket number and court:                 _____

Claims raised:                           _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)   _____

Reasons for dismissal, if dismissed:     _____

Result on appeal, if appealed:           _____

## F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

   ✗ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

   ✗ Yes ___ No (*check one*)

5

## G.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

1) Compensatory damages in an amount deemed appropriate by this court and/or a jury;

2) Punitive damages in an amount deemed appropriate by this Court and/or a jury;

3) Special damages due to the defendants continued blatent violations of rights in an amount deemed appropriate by this Court and/or a jury;

4) Attorney fees and costs of litigation of this suit;

5) Any other relief that this Court deems just and fair.

## H.    PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
12-7-2021
(Date)

. (Form Revised December 2017)

6