IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-03433-NYW-JPO

TIMOTHY DEAN CURPHEY,

    Plaintiff,

v.

LIEUTENANT WASSELL, individually,
CORRECTIONAL OFFICER WILCOX, individually,
CORRECTIONAL OFFICER KARASAWA, individually,
CORRECTIONAL OFFICER VERRAZANO, individually,
CORRECTIONAL OFFICERS JOHN DOES #1–4, individually,
DR. WINTERS, individually,
DR. NORTON, individually,
HEALTH SERVICES ADMINISTRATOR LINDGREN, individually, and
UNITED STATES OF AMERICA,

    Defendants.

## ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge James P. O'Hara issued on May 10, 2024. [Doc. 110]. Three motions were referred to Judge O'Hara for recommendation: (1) Defendants' Motion to Dismiss Second Amended Complaint (the "First Motion to Dismiss"), [Doc. 83]; (2) Defendants' Motion for Summary Judgment for Untimeliness and Failure to Exhaust (the "Motion for Summary Judgment"), [Doc. 85]; and (3) the United States' Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) (the "Second Motion to Dismiss"), [Doc. 94]. Judge O'Hara recommends that the Motion for Summary Judgment be granted as to Plaintiff's Claims 1, 2, 3, 5, and 6; that the First Motion to Dismiss be granted as to Claims 7 and 8; and that the Second Motion to Dismiss be denied. [Doc. 110 at 21]. Both Plaintiff and the

United States have filed objections to Judge O'Hara's Recommendation. *See* [Doc. 111; Doc. 119].[1]  For the reasons set forth in this Order, the Plaintiff's objections are **OVERRULED**; the United States's objections are **SUSTAINED in part** and **OVERRULED in part**; and the Recommendation is **ADOPTED in part**.

## LEGAL STANDARDS

### I.   Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation.  28 U.S.C. § 636(b)(1)(B).  The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.* at 1059 (quotation omitted).

### II.  Rule 12(b)(1)

Under Rule 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim.  Instead, it is a determination that the court lacks authority to adjudicate the matter."  *Creek Red Nation, LLC v. Jeffco Midget Football*

---

[1] This Court granted Plaintiff an extension of time through July 22, 2024 to respond to the United States's objections.  *See* [Doc. 115].  Plaintiff did not file a response by this deadline, and the Court finds that it can rule on the pending objections without further briefing from the Parties.

*Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013) (quotation omitted).

### III. Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted).  The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

### IV. Pro Se Filings

Because Plaintiff proceeds pro se, the Court affords his filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

The factual and procedural circumstances of this case are explained in detail in Judge O'Hara's Recommendation, *see* [Doc. 110 at 2–6], and the Court repeats them here only as necessary to resolve the Parties' objections.  Plaintiff Timothy Dean Curphey ("Plaintiff" or "Mr. Curphey") is currently incarcerated within the Bureau of Prisons.  [Doc. 75 at 2].  On December 31, 2019, Plaintiff and his cellmate "covered their cell door window to protest not being afforded the most basic of human necessities," such as hygiene supplies, clothing, and usable mattresses.  [*Id.* at 6].  When Plaintiff and his cellmate refused to uncover the window, "unnamed BOP correctional officers[] opened the access slot located on the cell door and released a large quantity of a foreign gas."  [*Id.*].  Plaintiff then removed the window covering; after the cell door was opened, "one or more of the defendants . . . enter[ed] and be[gan] to assault Curphey by punching him in the face and head" and punching and kicking Plaintiff "in his lower and upper body."  [*Id.* at 7].

After this incident, Plaintiff made numerous requests for medication and "assistance to manage the pain" he felt in his shoulder.  [*Id.* at 14–15].  These requests were denied; at one point, Health Services Administrator Lindgren ("Defendant Lindgren") told Mr. Curphey that he "should 'try acting like a man instead of a woman'" and asked if Mr. Curphey had "'learned anything'" from his actions that day.  [*Id.* at 15].  After weeks of requesting assistance, in May 2020, Plaintiff was examined by Dr. Norton, who diagnosed Plaintiff with a partially dislocated shoulder.  [*Id.*].  A follow-up confirmation x-ray revealed "a 2-centimeter piece of bone broken off and lodged into [Plaintiff's] left shoulder muscle," as well as "a fully dislocated shoulder."  [*Id.*].  Plaintiff was not prescribed pain medication to help manage the pain associated with his shoulder injuries.

4

[*Id.*].  In June 2020, Dr. Norton requested that Plaintiff undergo orthopedic surgery to repair his shoulder damage, and the surgery was scheduled for July 31, 2020, but for "reasons unknown to" Plaintiff, the surgery never took place. [*Id.*].  Relevant here, Plaintiff filed an administrative claim grieving this incident on January 20, 2020, and this claim was denied on April 7, 2021.  [Doc. 85-1 at ¶ 21; *id.* at 29–33].

Plaintiff initiated this lawsuit on December 22, 2021, [Doc. 1], and filed the Second Amended Complaint on October 3, 2023, [Doc. 75].  Plaintiff raises eight claims.  Six are claims against the United States under the Federal Tort Claims Act ("FTCA"), alleging (1) negligence ("Claim 1"); (2) negligent hiring, retention, or supervision ("Claim 2"); (3) battery ("Claim 3"); (4) medical negligence ("Claim 4"); (5) negligent or intentional infliction of emotional distress ("Claim 5"); and (6) failure to protect ("Claim 6").[2]  [*Id.* at 6–22].  He also asserts two Eighth Amendment claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging cruel and unusual punishment ("Claim 7") and excessive force ("Claim 8").  [Doc. 75 at 23–25].  Claim 7 is asserted against Defendants Wassell, Karasawa, Verrazano, Winters, Lindgren, and Norton, as well as unnamed Doe Defendants, [*id.* at 23], and Claim 8 is asserted against Defendants Wassell, Karasawa, Verrazano, Winters, and unnamed Doe Defendants, [*id.* at 25].

On October 31, 2023, Defendants filed the First Motion to Dismiss, seeking dismissal of Claims 2, 7, and 8 under Rules 12(b)(1) and 12(b)(6).  [Doc. 83].  That same day, Defendants moved for summary judgment on all of Plaintiff's claims—aside from

---

[2] Although some of Plaintiff's FTCA claims name individual Defendants, this Court substituted the United States in as the sole Defendant on these claims.  *See* [Doc. 97].

5

Claim 4—based on untimeliness and failure to exhaust administrative remedies. [Doc. 85]. Later, the United States filed the Second Motion to Dismiss, arguing that Claim 4 should be dismissed for failure to file the certificate of review required by Colorado law. [Doc. 94].

Judge O'Hara recommends that this Court grant the First Motion to Dismiss and the Motion for Summary Judgment and dismiss Claims 1, 2, 3, 5, 6, 7, and 8. *See generally* [Doc. 110]. However, he also recommends that this Court deny the Second Motion to Dismiss, concluding that a certificate of review is not required for Claim 4 at this time. [*Id.* at 18–20]. Both Parties have objected to the Recommendation, and the Court considers their objections below.

## ANALYSIS

### I.   Claims 7 and 8—the *Bivens* Claims

In the First Motion to Dismiss, Defendants argue that Claims 7 and 8 should be dismissed for lack of an available *Bivens* remedy, [Doc. 83 at 3–8], and Judge O'Hara recommends dismissing Claims 7 and 8 on that basis, [Doc. 110 at 11–14]. Mr. Curphey objects to this recommendation, arguing that "the egregious nature of the alleged constitutional violations in this case presents a compelling argument for the recognition of a *Bivens* remedy." [Doc. 119 at 1–2].

The Court begins by noting that Plaintiff did not file a response to the First Motion to Dismiss and thus presented no arguments to Judge O'Hara explaining why Claims 7 and 8 should not be dismissed. *See* [Doc. 110 at 6 (Judge O'Hara acknowledging Plaintiff's failure to respond to the First Motion to Dismiss)]. And Plaintiff does not explain why this Court should consider an argument raised for the first time in his objections to

6

the Recommendation. *See* NYW Civ. Practice Standard 72.3(b) (explaining that the Court "disfavors the consideration of arguments . . . not made to the Magistrate Judge" and requiring the objecting party to "expressly identify" arguments not raised before the Magistrate Judge and "explain why such omitted arguments . . . should be considered, in the first instance, upon Objection"). Plaintiff's argument against dismissal is thus waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Moreover, Plaintiff's one-sentence objection does not identify any specific error in Judge O'Hara's Recommendation and is not sufficient to preserve the issue for de novo review. *See Strepka v. Sailors*, 494 F. Supp. 2d 1209, 1230 (D. Colo. 2007) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review."). "Objections disputing the correctness of the [magistrate judge's] recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008). Rather, "[i]n objecting to the magistrate judge's recommendation, [a party] must raise specific arguments addressing purported errors in the recommendation." *Saleh v. Silco Oil Co.*, No. 19-cv-02973-PAB-NRN, 2020 WL 4915604, at *3 (D. Colo. Aug. 20, 2020). Because Plaintiff does not raise any "specific" objection to Judge O'Hara's recommendation as to the *Bivens* claims, *see One Parcel of Real Prop.*, 73 F.3d at 1060, the Court reviews this portion of the Recommendation for clear error, *see Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (in the absence of a specific objection, a district court may review a magistrate judge's recommendation under any standard it deems appropriate).

The Court finds no clear error in Judge O'Hara's analysis. Recent authority from the Tenth Circuit and the Supreme Court instructs that courts should not recognize a *Bivens* remedy if there are available alternative remedies to address the alleged misconduct. *See Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1359 (10th Cir. 2024) (the availability of alternative remedies is an "independent ground for not recognizing a *Bivens* action"); *Egbert v. Boule*, 596 U.S. 482, 493 (2022) ("If there are alternative remedial structures in place, 'that alone[]' . . . is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'" (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 137 (2017))). "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Egbert*, 596 U.S. at 498. As Judge O'Hara explained, Plaintiff does not dispute—including in his objections, *see* [Doc. 119]—that the alleged misconduct underlying Claims 7 and 8 may be addressed through the BOP's Administrative Remedy Program. [Doc. 110 at 14]; *see also* [Doc. 75 at 23, 26 (Plaintiff alleging in his Second Amended Complaint that he "exhausted all administrative remedies available to him" prior to bringing his *Bivens* claims)]. Accordingly, Judge O'Hara did not clearly err in recommending dismissal of Claims 7 and 8 for lack of an available *Bivens* remedy. This objection is respectfully **OVERRULED**.

## II.   Claims 1, 2, 3, 5, and 6—the FTCA Claims

In the Motion for Summary Judgment, Defendants assert that Claims 1, 2, 3, 5, and 6 should be dismissed as untimely because "Plaintiff did not file those claims within six months of BOP's notice of denial" of his administrative claim, as required by federal law. [Doc. 85 at 8–10]; *see also* 28 U.S.C. § 2401(b) ("A tort claim against the United

8

States shall be forever barred . . . unless [the] action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). Judge O'Hara agrees, recommending that Claims 1, 2, 3, 5, and 6 be dismissed as untimely. [Doc. 110 at 14–18]. Plaintiff objects on the basis that "[t]he unique procedural history and [his] pro se status warrant a more lenient interpretation of the filing deadlines, especially considering the efforts made to exhaust administrative remedies." [Doc. 119 at 2]. Again, Plaintiff does not identify any specific error in Judge O'Hara's analysis, instead simply asking for a "more lenient" interpretation of the applicable law and a different result.

While the Court acknowledges the difficulties in litigating a case as an incarcerated party, the Court must apply the same procedural rules and substantive law to Plaintiff's claims as to claims brought by represented parties, including filing deadlines and exhaustion requirements. *Murray*, 312 F.3d at 1199 n.3; *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) ("Although we construe [the plaintiff's] pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants."). Mr. Curphey does not identify any recognized exception to § 2401(b)'s filing deadline for pro se litigants. Accordingly, Plaintiff's objection is respectfully **OVERRULED**.

### III. Claim 4—the FTCA Medical Negligence Claim

"State substantive law applies to suits brought against the United States under the FTCA." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004). Relevant here, Colorado law requires that, in all actions for damages arising out of alleged professional negligence, the plaintiff must file a "certificate of review for each . . . licensed

9

professional named as a party," Colo. Rev. Stat. § 13-20-602(1)(a),[3] declaring "(1) that he or she has consulted an expert, (2) that the expert both reviewed the relevant information and concluded that the claim does not lack 'substantial justification' as defined elsewhere, and (3) that the person consulted is competent and qualified to opine as to the negligent conduct alleged," *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 82 (Colo. 2001) (footnote omitted); *see also* Colo. Rev. Stat. § 13-20-602(3).  The certificate of review must be filed "within sixty days after the service of the complaint . . . against such person unless the court determines that a longer period is necessary for good cause shown."  Colo. Rev. Stat. § 13-20-602(1)(a).

A certificate of review is only necessary, however, if "(1) the plaintiff brings a claim of alleged professional negligence against a licensed professional, *and* (2) expert testimony is necessary to substantiate the claim."  *Sherman v. Klenke*, 653 F. App'x 580, 595 (10th Cir. 2016).  Indeed, although "[e]xpert testimony is required to establish a prima facie case of professional negligence in the great majority of cases," *Williams v. Boyle*, 72 P.3d 392, 397 (Colo. App. 2003), *as modified on denial of reh'g* (Colo. App. Feb. 6, 2003), it does not apply if "the subject matter . . . lies within the ambit of common knowledge or experience of ordinary persons," *Teiken v. Reynolds*, 904 P.2d 1387, 1389 (Colo. App. 1995), or "where the factual context of the proceeding is not sufficiently complex to require expert testimony for establishing the applicable professional standards and minimal levels of competence," *Morales v. Rattan*, No. 17-cv-03009-PAB-KLM, 2019

---

[3] Although the statutory language imposes this requirement on the "plaintiff's . . . attorney," Colo. Rev. Stat. § 13-20-602(1)(a), the requirements of § 13-20-602 apply equally "to civil actions alleging negligence of licensed professionals filed by nonattorney pro se plaintiffs," *Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002).

WL 588192, at *5 (D. Colo. Feb. 13, 2019) (citing *Greenwell v. Gill*, 660 P.2d 1305, 1307 (Colo. App. 1982)), *report and recommendation adopted*, 2019 WL 8275623 (D. Colo. Mar. 5, 2019).

The failure to file a certificate of review, when required, necessitates dismissal of the professional negligence claim. *Colo. Tr. for Prot. & Benefits v. Souder, Miller & Assocs., Inc.*, 870 F. Supp. 2d 1173, 1179 (D. Colo. 2012). Where, as here, the defendant has moved to dismiss, the plaintiff may either "demonstrate that no expert testimony is required" or "that good cause exists for [the] failure to comply with the time requirements of [§ 13-20-602(1)]." *Martinez v. Badis*, 842 P.2d 245, 251 (Colo. 1992). "A court has discretion to determine whether a claim requires expert testimony, and therefore whether the certificate of review requirement is applicable." *Burns v. Ted Laurence, P.A.*, No. 10-cv-02691-WJM-CBS, 2013 WL 3771280, at *2 (D. Colo. July 17, 2013).

In the Second Motion to Dismiss, the United States moves for dismissal of the entirety of Claim 4 on the basis that Plaintiff failed to file a certificate of review as required by statute. [Doc. 94 at 3–6]. Judge O'Hara recommends denying the Second Motion to Dismiss, explaining that a certificate of review is not necessary because "the factual allegations of Plaintiff's medical negligence claim[] are sufficiently straightforward that expert testimony may not be required to substantiate them." [Doc. 110 at 19 (quotation omitted)]. Specifically, he concludes that Plaintiff's allegations—broadly, that despite clear indications of injuries, he was denied pain medication or a medical examination for at least six months—"appear, at the pleading stage, to be accessible to a layperson and do not appear to require technical expertise to understand." [*Id.* at 20].

The United States disagrees with and objects to Judge O'Hara's conclusion, arguing that Plaintiff must file a certificate of review to support his medical negligence claim because expert testimony will be required to establish the various professional standards of care relevant to this case, such as "the professional standard of care for treatment of a dislocated shoulder and a chipped shoulder bone," "diagnosis [of] a dislocated shoulder and chipped shoulder bone," "identification of symptoms or indications of those injuries," "prescription of pain medication, and damages for failing to prescribe pain medication" or "failing to diagnose those injuries." [Doc. 111 at 7].

In support of Claim 4, Plaintiff alleges that he "requested medication and assistance to manage the pain associated with his shoulder injuries" but was denied such treatment, instead informed by Defendant Lindgren that Plaintiff should "'try acting like a man instead of a woman.'" [Doc. 75 at 14–15]. After weeks of requesting assistance, Plaintiff was examined by Dr. Norton and diagnosed with a partially dislocated shoulder; an x-ray revealed that Plaintiff had a piece of bone, two centimeters in size, "broken off and lodged into his left shoulder muscle," as well as a "fully dislocated shoulder." [*Id.* at 15]. Plaintiff alleges that he was not prescribed pain medication after these diagnoses and although he was scheduled for surgery, the surgery never took place "[f]or reasons unknown" to Plaintiff. [*Id.*].

To ultimately succeed on his negligence claim, Plaintiff will need to demonstrate "a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and that the defendant's breach caused the plaintiff's injury." *Day v. Johnson*, 255 P.3d 1064, 1068–69 (Colo. 2011); *see also Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011) (explaining that the FTCA "does not itself create a substantive cause of action

against the United States" but instead "provides a mechanism for bringing a state law tort action against the federal government in federal court" (quotation omitted)).

The Court agrees with Judge O'Hara that, to the extent Plaintiff alleges that he requested medication or treatment on numerous occasions to manage his shoulder pain but was outright denied treatment, including diagnostic treatment, until May 2020 when Dr. Norton evaluated and examined him, see [Doc. 75 at 14–15], the subject matter of Plaintiff's allegations "lies within the ambit of common knowledge or experience of ordinary persons," Teiken, 904 P.2d at 1389, and that the allegations, taken as true, "demonstrate a 'dereliction of duty so palpable as to be apparent without the presentation of expert testimony,'" Chrisco v. Raemisch, 374 F. Supp. 3d 1093, 1100 (D. Colo. 2019) (quoting Boigegrain v. Gilbert, 784 P.2d 849, 850 (Colo. App. 1989)).  Taking Plaintiff's allegations as true, the purported denial of medical care arose not from a medical judgment, but from Defendant Lindgren's assessment that Mr. Curphey should "try acting like a man instead of a woman."  [Doc. 75 at 15].  In the Court's view, laypersons can readily understand and appreciate the need for medical care or treatment when an inmate repeatedly complains of pain and requests treatment over the course of several months. Cf. Coleman v. United States, No. 20-1403, 2021 WL 2835473, at *3 (10th Cir. July 8, 2021) (in affirming dismissal for failure to file a certificate of review, noting that the plaintiff "d[id] not deny receiving medical care altogether").

But such allegations are meaningfully distinct from Plaintiff's allegations that he was inadequately or improperly treated after May 2020.  See, e.g., [Doc. 75 at 15 ("[Neither] Norton nor any other medical staff at USP Florence prescribed Curphey with pain medication to help manage the pain associated with his shoulder injury."); id. ("[T]he

13

surgery never took place as scheduled.")]. For those types of allegations, expert testimony is necessarily required to demonstrate whether the treatment provided was within the standard of care expected from medical professionals. For example, courts have concluded that a certificate of review was required when the plaintiff alleged that he should have been given stronger pain medication, *see Mohamed v. Jones*, No. 20-cv-02516-RBJ-NYW, 2022 WL 523440, at *34 (D. Colo. Feb. 22, 2022) (this Court concluding that certificate of review was required for claim based on "the failure to give [the p]laintiff medicine stronger than ibuprofen" because the appropriateness of using certain pain medications over others was a matter of medical judgment), *report and recommendation adopted sub nom. Mohamed v. Huddleston*, 2022 WL 22353363 (D. Colo. May 18, 2022), or where the issue was whether "alternative treatment fell outside the relevant standard of care," *Noe v. U.S. Gov't*, No. 23-1025, 2023 WL 8868491, at *5 (10th Cir. Dec. 22, 2023) (claims involving alleged inadequate dental treatment).

To the extent Claim 4 is based on a theory that Plaintiff was improperly treated, too slowly treated, or denied surgery, the Court respectfully agrees with the United States that a certificate of review is required. To succeed on such a claim, Plaintiff must prove that his medical providers breached a legal duty of care. *Day*, 255 P.3d at 1068–69. The proper standard of care in diagnosing and treating shoulder injuries does not "lie[] within the ambit of common knowledge or experience of ordinary persons," which means that Plaintiff must "establish the controlling standard of care, as well as the defendant's failure to adhere to that standard, by expert opinion testimony." *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990). Because Plaintiff failed to file a certificate of review, he is barred from asserting a claim based on these allegations. *Colo. Tr. for Prot. & Benefits*, 870 F.

Supp. 2d at 1179. Accordingly, the United States's objection is **SUSTAINED in part** and **OVERRULED in part**; the Recommendation is respectfully **ADOPTED in part** as to Claim 4; and the Second Motion to Dismiss is **GRANTED in part** and **DENIED in part**. As a result of these rulings, Claim 4 remains to the extent it alleges that Plaintiff was outright denied treatment and/or pain medication prior to May 2020.[4]

## IV. Remaining Defendants

Having resolved the Parties' objections, the Court turns to the remaining Defendants in this case.

### A. Dr. Norton

Claim 7, raised pursuant to *Bivens*, is asserted against Dr. Norton, who has not been served in this case. See [Doc. 75 at 23; Doc. 83 at 1 n.1 (defense counsel stating that "Dr. Norton could not be reached regarding this action and has not been served" and that counsel "does not represent Dr. Norton")]. Judge O'Hara recommends that Plaintiff's claim against Dr. Norton be dismissed, reasoning that "[t]he allegations against Defendant Dr. Norton suffer from the same failings identified" elsewhere in the Recommendation, such that "dismissal of the *Bivens* claim[] is appropriate as applied to Dr. Norton, even though Dr. Norton did not participate in a dismissal motion." [Doc. 110 at 11 n.5]. Plaintiff does not raise any objection to this portion of the Recommendation. See [Doc. 119].

Although Dr. Norton has not been served, has not appeared in this case, and has not moved for dismissal, the Court finds it appropriate to dismiss Plaintiff's *Bivens* claim against Dr. Norton. The Court has already concluded that Plaintiff lacks an available

---

[4] In so ruling, this Court does not pass on whether Mr. Curphey can carry his burden with respect to such theory either at summary judgment or trial.

*Bivens* remedy for his claim of cruel and unusual punishment as to the other Defendants named in Claim 7, *see supra* Section I; *see also Logsdon*, 91 F.4th at 1359, and this conclusion applies with the same force to the claim against Dr. Norton.  Dismissal of a claim is required if the claim is "frivolous or malicious" or if the claim "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *see also Hall*, 935 F.2d at 1110 ("[A] court may dismiss sua sponte when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (quotation omitted)).  Because Plaintiff lacks a *Bivens* remedy with respect to Claim 7, amendment of Claim 7 would be futile, there is no clear error in Judge O'Hara's recommendation to dismiss Claim 7 against Dr. Norton.  *See Richardson v. Daniels*, 557 F. App'x 725, 728 (10th Cir. 2014) (affirming sua sponte dismissal of *Bivens* claim under 28 U.S.C. § 1915 and failure to state a claim); *cf. Watson v. Cozza-Rhodes*, No. 13-cv-01456-PAB-MJW, 2014 WL 1395958, at *1 (D. Colo. Apr. 10, 2014) (dismissing claims against unserved defendants under 28 U.S.C. § 1915(e)(2)).[5]  Accordingly, Claim 7 is **DISMISSED** as to Dr. Norton.

    **B.**    **Doe Defendants**

In addition, Plaintiff asserts Claims 3, 5, 7, and 8 against four unidentified "John Doe" Defendants.  *See* [Doc. 75 at 1, 12, 18, 23, 25].  "[P]ursuant to Fed. R. Civ. P. 10(a), a caption to a complaint must include the names of all parties."  *Culp v. Williams*, No. 10-

---

[5] The Court does not dismiss Claim 7 against Dr. Norton for failure to serve under Rule 4(m), which would require the Court to give Plaintiff notice and an opportunity to show good cause for the failure to serve.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

cv-00886-CMA-CBS, 2011 WL 1597686, at *3 (D. Colo. Apr. 27, 2011), *appeal dismissed*, 456 F. App'x 718 (10th Cir. 2012).  The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit," and for this reason, "'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'"  *Id.* (quoting *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)).  Mr. Curphey has not identified the Doe Defendants in the nearly three years since he filed this case or the ten months since he filed his Second Amended Complaint.  Typically, this would cause the Court to issue an order to show cause directing Plaintiff to explain why his claims against the Doe Defendants should not be dismissed without prejudice for failure to prosecute and/or failure to comply with the Federal Rules of Civil Procedure.  *See* D.C.COLO.LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or a court order.  If good cause is not shown, a district judge . . . may enter an order of dismissal with or without prejudice.").

However, because (1) the United States is the only properly named defendant in an FTCA claim, *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009), such that Claims 3 and 5 cannot be asserted against the Doe Defendants; (2) the Court has already concluded that Claims 3 and 5 are untimely; and (3) the Court has already concluded that there is no *Bivens* remedy available with respect to Claims 7 and 8, the Court finds it appropriate to sua sponte dismiss the Doe Defendants from this case.  *See Hall*, 935 F.2d at 1110; *see also* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).  Accordingly, Plaintiff's claims against the Doe Defendants are **DISMISSED without prejudice**.

17

## CONCLUSION

For the above reasons, **IT IS ORDERED** that:

(1) Defendant United States' Objection in Part to the Magistrate Judge's Report and Recommendation [Doc. 111] is **SUSTAINED in part** and **OVERRULED in part**;

(2) Plaintiff's Objections to the Report and Recommendation of United States Magistrate Judge [Doc. 119] are **OVERRULED**;

(3) The Recommendation of United States Magistrate Judge [Doc. 110] is **ADOPTED in part**;

(4) Defendants' Motion to Dismiss Second Amended Complaint [Doc. 83] is **GRANTED**;

(5) The Motion for Summary Judgment for Untimeliness and Failure to Exhaust [Doc. 85] is **GRANTED**;

(6) Claims 1, 2, 3, 5, 6, 7, and 8 are **DISMISSED** as to all Defendants;

(7) Defendants Wassell, Wilcox, Karasawa, Verrazano, Winters, Norton, Lindgren, and the Doe Defendants are **DISMISSED** as Defendants;

(8) The United States' Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) [Doc. 94] is **GRANTED in part** and **DENIED in part**; and

(9) A copy of this Order shall be sent to:

> Timothy Dean Curphey, #18750-030
> Terre Haute - Federal Correctional Institution
> Inmate Mail/Parcels
> P.O. Box 33
> Terre Haute, IN 47808

DATED: August 12, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge