**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 21-cv-03433-NYW-TPO

TIMOTHY DEAN CURPHEY,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

---

**ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Recommendation issued on August 26, 2026 by the Honorable Timothy P. O'Hara. [Doc. 194]. Judge O'Hara recommends that Defendant's Motion for Summary Judgment, [Doc. 190], be granted in part and denied in part, *see* [Doc. 194 at 18–19]. Plaintiff Timothy Dean Curphey ("Plaintiff" or "Mr. Curphey") and the United States (or "Defendant") have objected to the Recommendation. [Doc. 197; Doc. 198]. Defendant responded to Plaintiff's objections, [Doc. 200], and the Court finds that it may resolve the pending objections without awaiting a response brief from Plaintiff. For the reasons set forth in this Order, Defendant's objections are **SUSTAINED**, Plaintiff's objections are **OVERRULED as moot**, and the Motion for Summary Judgment is **GRANTED**.

## LEGAL STANDARDS

### I. Rule 72

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo

any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quotation omitted).

## II. Rule 56

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (cleaned up). "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

At summary judgment, a movant that does not bear the ultimate burden of persuasion at trial must demonstrate that summary judgment is appropriate as a matter of law. *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). It can meet this burden by "producing affirmative evidence negating an essential element of the non-moving party's claim" or by "showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Id.* (quotation omitted). Once this movant has met its

initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation omitted).

When considering the evidence in the record, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See id.* at 249; *Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). At all times, the Court views the record in the light most favorable to the nonmoving party. *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019).

**III. Pro Se Filings**

Because Mr. Curphey proceeds pro se, his filings are entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and Plaintiff must comply with the same procedural rules and substantive law that all parties are required to follow, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

Mr. Curphey is current incarcerated within the Bureau of Prisons ("BOP"). [Doc. 75 at 2]. In his Second Amended Complaint, he alleged that BOP officials assaulted him in December 2019 by "punching him in the face and head" and punching and kicking him "in his lower and upper body." [*Id.* at 7]. He also alleged that, as a result of these actions, he "suffered a [dislocated] left shoulder, as well as a chipped shoulder bone." [*Id.* at 14]. Although Mr. Curphey "requested medication and assistance to manage the pain

associated with his shoulder injuries," his requests were denied; one official—Health Services Administrator Lindgren—told him to "try acting like a man instead of a woman." [*Id.* at 14–15]. He further alleged that, in June 2020, an ex-ray revealed a dislocated shoulder and a "2-centimeter piece of bone broken off and lodged into his left shoulder muscle." [*Id.* at 15]. Plaintiff asserted a medical negligence claim based on these allegations. [*Id.* at 14–15].

In December 2023, Defendant moved to dismiss Plaintiff's medical negligence claim[1] under Rule 41(b) because Plaintiff had not filed a certificate of review, as required by Colorado law.[2] *See* [Doc. 94]. This Court dismissed part of the claim, but it also determined that part of the claim should proceed. *See* [Doc. 122]. Specifically, the Court concluded that "to the extent Plaintiff alleges that he requested medication or treatment on numerous occasions to manage his shoulder pain but was outright denied treatment, including diagnostic treatment, until May 2020," his allegations—taken as true—were "within the ambit of common knowledge or experience of ordinary persons" and "demonstrate a dereliction of duty so palpable as to be apparent without the presentation

[1] Defendant sought dismissal of other claims, too. *See* [Doc. 83; Doc. 85; Doc. 94]. Only the medical negligence claim remains. *See* [Doc. 122].

[2] Under Colorado law, a plaintiff alleging professional negligence must file a "certificate of review for each . . . licensed professional named as a party." Colo. Rev. Stat. § 13-20-602(1)(a). For years, federal courts in Colorado have applied this requirement to FTCA claims, as the Tenth Circuit had determined "that Colorado's certificate of review requirement is a substantive rule of law" applicable to FTCA claims in federal court. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1117 (10th Cir. 2004) ("State substantive law applies to suits brought against the United States under the FTCA."). But this year, the Supreme Court determined that a similar requirement under Delaware law does not apply in federal court. *See Berk v. Choy*, 607 U.S. 187, 190–99 (2026). It remains an open question whether the certificate of review requirement continues to apply in federal court post-*Berk*. *But see Qazi v. USA*, No. 24-cv-01481-PAB-CYC, 2026 WL 2582212, at *2 (D. Colo. Sept. 1, 2026) (another court in this District holding that "*Berk* precludes the application of Colorado's certificate of review requirement in this [FTCA] case").

of expert testimony." [*Id.* at 13 (quotations omitted)]. But to the extent Plaintiff alleged "that he was inadequately or improperly treated after May 2020," the Court found that expert testimony would be required to demonstrate whether the treatment provided was within the standard of care expected from medical professionals. [*Id.* at 13–14]; *see also* [*id.* at 14 ("To the extent Claim 4 is based on a theory that Plaintiff was improperly treated, too slowly treated, or denied surgery, the Court respectfully agrees with the United States that a certificate of review is required. . . . Because Plaintiff failed to file a certificate of review, he is barred from asserting a claim based on these allegations.")]. The medical negligence claim "remain[ed] to the extent it alleges that Plaintiff was outright denied treatment and/or pain medication prior to May 2020." [*Id.* at 15].

After discovery, Defendant moved for summary judgment on Plaintiff's claim. [Doc. 190]. It argues that Plaintiff's claim fails as a matter of law because (1) Mr. Curphey cannot, without expert testimony, demonstrate that BOP officials breached the standard of care or caused any injury, [*id.* at 6]; and (2) Plaintiff was required to file a certificate of review and failed to do so, [*id.* at 11].

Judge O'Hara recommends granting the Motion for Summary Judgment in part and denying it in part. [Doc. 194]. First, Judge O'Hara concludes that "when viewing the undisputed facts, as well as the disputed facts in a light most favorable to Plaintiff, Plaintiff's claim falls within the ambit of medical negligence that does not require expert testimony," so no expert testimony is required. [*Id.* at 14]. Then, he finds that "[t]o the extent that Plaintiff's claim asserts medical negligence by Defendant for a failure to treat a shoulder dislocation or a broken shoulder specifically," Plaintiff should not be permitted to proceed on this claim because Plaintiff submits no evidence in support of it. [*Id.* at 15].

But noting Plaintiff's argument that his claim is not tied to a specific orthopedic diagnosis," *see* [Doc. 192 at 8], Judge O'Hara concludes that Defendant has not met its burden to demonstrate that summary judgment is appropriate to the extent Plaintiff's claim is "based on . . . severe pain itself and not a specific diagnosis," [Doc. 194at 15–16]. Judge O'Hara then finds that even if Defendant had raised arguments and presented evidence on this theory of relief, Plaintiff has established a genuine dispute of fact sufficient to preclude summary judgment. [*Id.* at 16–17]. Each Party has objected to Judge O'Hara's Recommendation. [Doc. 197; Doc. 198].

## ANALYSIS

The Court addresses Defendant's objections first. The United States argues that (1) Plaintiff and Judge O'Hara improperly recognized a new theory of liability at summary judgment, [Doc. 198 at 4–7]; (2) even considering this "new theory of liability," Plaintiff still fails to demonstrate a genuine issue of material fact because he requires expert testimony to prove his claim, [*id.* at 7–9]; and (3) Plaintiff presented no evidence to support his claim, and Judge O'Hara erred in considering unsupported assertions in denying summary judgment, [*id.* at 9–10].

### I. New Theory of Liability

At the outset, the Court respectfully disagrees with Defendant that Judge O'Hara improperly recognized a "new theory of liability" at the summary-judgment stage. To provide additional context for this objection, Defendant argued at summary judgment that—based on its own expert's testimony that Plaintiff did *not*, in fact, have a dislocated shoulder or chipped shoulder bone in 2020—"Plaintiff required no medical care for those non-existent injuries," so "any alleged denial of care for those non-existent injuries would

have been within the standard of care." [Doc. 190 at 8]. In reviewing the sufficiency of Plaintiff's evidence, Judge O'Hara concluded that "Plaintiff should not be allowed to proceed with any claim in which the injury is a shoulder dislocation or broken bone sustained on December 31, 2019." [Doc. 194 at 15]. But he also concluded that the Motion for Summary Judgment "should be denied as to the portion of Plaintiff's claim that alleges negligence for Defendant's failure to treat his complaints of severe shoulder pain for nearly six months." [*Id.* at 18]. Judge O'Hara specifically noted that this framing of the claim "is not . . . new," as Defendant suggests, but is rather "consistent with what [this Court] allowed to survive in Defendant's prior challenge." [*Id.* at 16]; *see also* [Doc. 122 at 15 (this Court permitting the claim to survive "to the extent it alleges that Plaintiff was outright denied treatment and/or pain medication prior to May 2020")].

Defendant objects to this framing. In its view, Plaintiff's claim should be narrowly construed as "alleg[ing] a denial of care based on pain associated with a dislocated shoulder and a chipped shoulder bone." [Doc. 198 at 5]; *see also* [*id.* ("Throughout this litigation, Plaintiff's theory of medical negligence was that BOP medical providers failed to treat/provide pain medication for two shoulder injuries: a dislocated shoulder and a chipped shoulder bone.")]. It argues that a claim based on "the failure to treat generalized pain" is not asserted in the Second Amended Complaint. [*Id.* at 6].

The Court is respectfully unpersuaded by this argument, which takes a strict and narrow view of the Second Amended Complaint that is inconsistent with the liberal pleading standards afforded to pro se litigants. *Haines*, 404 U.S. at 520–21. With respect to his medical negligence claim, Mr. Curphey alleges as follows:

> As a result of the acts, actions and/or omissions of the Defendant's – as set forth in Count One, Curphey suffered a disclosed left shoulder, as well as a

> chipped shoulder bone. On numerous occasions, Curphey requested medication and assistance to manage the pain associated with his shoulder injuries. Curphey made these requests to numerous members of the medical staff at USP Florence. During her weekly rounds through the Special Housing Unit, Curphey would often ask Lindgren for assistance. In response to his request, Lindgren stated that he should "try acting like a man instead of a woman" and would ask if he "learned anything" from his actions and that the day of his assault was a day he would never forget.
>
> After weeks and weeks of requesting assistance, Curphey finally convinced Norton, during sick call rounds to evaluate and examine him; this occurred in May 2020 nearly six months after Curphey was assaulted by BOP staff. Initially Norton diagnosed Curphey with a partially dislocated shoulder and ordered an x-ray to confirm the diagnosis. In June 2020, Curphey received the ordered x-ray which revealed a 2-centimeter piece of bone broken off and lodged into his left shoulder muscle; as well as a fully dislocated shoulder, among other findings [sic].
>
> . . .
>
> Defendant United States committed medical negligence, when they by and through their employee failed to ensure that Curphey received the medical care he required.
>
> It is common knowledge that medical care should be rendered when requested.
>
> It is common knowledge that shoulder injuries are painful and require treatment.

[Doc. 75 at 14–18]. Although Plaintiff references a chipped shoulder bone and dislocated shoulder, the Court respectfully disagrees that his medical negligence claim is narrowly based on "the denial of care based on pain associated with a dislocated shoulder and a chipped shoulder bone," as Defendant suggests. [Doc. 198 at 5]. Importantly, Plaintiff does not allege that BOP officials knew—or that even he knew—during his initial requests for "medication and assistance" that he had a dislocated shoulder, a chipped bone, or any other specific ailments. *See* [Doc. 75 at 14–15]. Indeed, at the time that Plaintiff allegedly requested medical assistance and the requests were denied, Plaintiff had not been

diagnosed with any specific injuries because, he alleges, he had never been seen by a doctor at all. *See* [*id.* at 15]; *see also* [Doc. 122 at 13 (the Court concluding that the claim should survive "to the extent Plaintiff alleges that he requested medication or treatment on numerous occasions to manage his shoulder pain but was outright denied treatment, *including diagnostic treatment*" (emphasis added))]. In other words, the remaining portion of Plaintiff's medical negligence claim is not tied to the failure to treat any specific ailment; rather, the claim is based on his allegations that he asked for "medication and assistance" to manage his pain and his requests were denied. [Doc. 75 at 14–15]. Plaintiff's allegations that he had a chipped shoulder bone and dislocated shoulder are ancillary to, not necessary for, that claim. Defendant cannot rely on its expert's post-hoc review of the medical evidence to narrow the scope of Plaintiff's claim.

Accordingly, the Court is respectfully unpersuaded by Defendant's objection to Judge O'Hara's framing of the claim. This objection is **OVERRULED**.

## II. Sufficiency of Evidence in Support of Plaintiff's Claim

In the alternative, Defendant argues that Plaintiff's claim "still requires expert testimony that Plaintiff failed to provide." [Doc. 198 at 7]. It also contends that Judge O'Hara erred in relying on Plaintiff's unsupported assertions in his response brief to recommend denial. [*Id.* at 10]. For the reasons the Court sets out below, the Court ultimately agrees with Defendant.

### A. Medical Negligence Claims and Expert Testimony, Generally

To succeed on his claim, Plaintiff must prove "a legal duty of care on the defendant's part, breach of that duty, injury to the plaintiff, and that the defendant's breach caused the plaintiff's injury." *Day v. Johnson*, 255 P.3d 1064, 1068–69 (Colo. 2011).

Relevant here, "matters relating to medical . . . treatment ordinarily involve a level of technical knowledge and skill beyond the realm of lay knowledge and experience." *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990). So "[u]nless the subject matter of a medical malpractice action lies within the ambit of common knowledge or experience of ordinary persons, the plaintiff must establish the controlling standard of care, as well as the defendant's failure to adhere to that standard, by expert opinion testimony." *Id.* "Expert testimony is required to establish a prima facie case of professional negligence in the great majority of cases." *Williams v. Boyle*, 72 P.3d 392, 397 (Colo. App. 2003). Indeed, "except in clear and palpable cases, expert testimony is necessary to establish the standards of acceptable professional conduct." *Boigegrain v. Gilbert*, 784 P.2d 849, 850 (Colo. App. 1989).

At the motion-to-dismiss stage, this Court concluded (in the context of determining whether a certificate of review was required) that "to the extent Plaintiff alleges that he requested medication or treatment on numerous occasions to manage his shoulder pain but was outright denied treatment, including diagnostic treatment, until May 2020," the subject matter of these allegations was "within the ambit of common knowledge or experience of ordinary persons." [Doc. 122 at 13 (quotation omitted)]. The Court reasoned that "laypersons [could] readily understand and appreciate the need for medical care or treatment when an inmate repeatedly complains of pain and requests treatment over the course of several months." [*Id.*]. The question before the Court now is whether, based on the developed summary judgment record and the different legal standards applied at this stage of the case, the Court still finds that Plaintiff's claim is within the common knowledge of ordinary jurors.

### B. Plaintiff's Evidentiary Showing

A plaintiff's pro se status does not "excuse [him] from the burden of coming forward with evidence to support [his] claims as required by the Federal Rules of Civil Procedure." *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1227 (D. Kan. 2005), *aff'd sub nom. Douglass v. United Auto Workers Loc. Union 31*, 188 F. App'x 656 (10th Cir. 2006); *see also Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (a party's pro se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure").

In his Response to Defendant's Motion for Summary Judgment, Plaintiff often cites to a "*Declaration of Timothy Curphey*." *See* [Doc. 192 at 3, 4, 5, 6]. However, no declaration was attached to the Response or otherwise filed. *See* [*id.*]. Defendant indicated in its reply brief that "Defendant ha[d] not been able to identify" any declaration, *see* [Doc. 193 at 2 n.2], but Plaintiff did not thereafter move to submit his declaration out of time or file anything providing clarity for the record. Therefore, to the extent that Plaintiff relies on a declaration that is not part of the record to argue that certain facts are disputed or to raise new assertions in his response brief, *see, e.g.*, [Doc. 192 at 6 "For approximately five months, Curphey made numerous written and verbal requests to BOP medical staff—including HSA Lindgren, RN Bailey, RN Newsom, and RN Alms—for treatment of severe left shoulder pain. See: *Declaration of Timothy Curphey*.")], these assertions are not properly considered in resolving the Motion for Summary Judgment.[3]

[3] For purposes of clarity, the Court does not construe Plaintiff's references to a "Declaration of Timothy Curphy" to refer to his Second Amended Complaint, which is signed under penalty of perjury. In his response brief, Plaintiff cites to his Second Amended Complaint as "DE 75," and separately cites to the purported declaration by name. *See, e.g.*, [Doc. 192 at 4]. Moreover, the statements that Plaintiff claims are

*See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of *materials in the record*." (emphasis added)); *Standish v. Jackson Hole Mountain Resort Corp.*, 997 F.3d 1095, 1107 (10th Cir. 2021) ("[A] district court may consider only admissible *evidence* from a record in ruling on a motion for summary judgment.").

As Judge O'Hara acknowledged, however, *see* [Doc. 194 at 9–10 & n.10], "a 'verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out' in Rule 56 of the Federal Rules of Civil Procedure," *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1163 (10th Cir. 2021) (quoting *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010)). The Court thus agrees with Judge O'Hara that the Court may "properly treat the [Second Amended Complaint] as an affidavit to the extent the allegations are based on 'personal knowledge' and 'set out facts that would be admissible in evidence.'" [Doc. 194 at 9–10 & n.10 (quoting Fed. R. Civ. P. 56(c)(4))]. The Court perceives no error in Judge O'Hara relying on assertions in Plaintiff's verified Second Amended Complaint as part of the summary judgment record. *See, e.g.*, [*id.* at 5]. But at other times, Judge O'Hara appears to rely on unsupported assertions raised in his Plaintiff's response brief:

> Plaintiff points to particular facts, through his own testimony, to support his theory. He alleges that "[f]or approximately five months, Curphey made numerous written and verbal requests to BOP medical staff—including HAS Lindgren, RN Bailey, RN Newsom, and RN Alms—for treatment of severe shoulder pain." [Doc. 192 at 6]. His requests were "allegedly met with inaction or mockery." *Id*. He alleges that he was finally able to obtain an evaluation in May of 2020, at which time his left shoulder was examined. *Id*.; *see also* [Doc. 190-4]. All of these assertions likely would be admissible

---

contained in the missing declaration are not asserted in the Second Amended Complaint. *See, e.g.*, [*id.* at 6].

> through Plaintiff's own testimony. *See Janny* [*v. Gamez*], 8 F.4th [883, 899 (10th Cir. 2021)].

[*Id.* at 16–17 (first alteration in original)]. These specific allegations—for example, that Plaintiff "made numerous written and verbal requests to BOP medical staff[,] including HAS Lindgren, RN Bailey, RN Newsom, and RN Alms," are not asserted in the verified Second Amended Complaint. *See* [Doc. 75 at 14–15].[4] The Court respectfully agrees that it was error for Judge O'Hara to rely on Mr. Curphey's assertions in his response brief as competent summary judgment evidence. *See L&M Enters., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000) ("Unsupported conclusory allegations thus do not create a genuine issue of fact."); *Parkhurst v. Lampert*, 339 F. App'x 855, 862 (10th Cir. 2009) (rejecting request to rely on "a contention made in [the plaintiff's] summary judgment response brief, which was not sworn").[5]

The Court's review at summary judgment is thus limited to the evidence submitted by Defendant and Plaintiff's Second Amended Complaint, which the Court may treat it as an affidavit for summary-judgment purposes so long as it is based on personal knowledge, sets out facts that would be admissible in evidence, and shows that Plaintiff is competent to testify on the matters stated. *Vette*, 989 F.3d at 1163; Fed. R. Civ. P. 56(c)(4).

In the Second Amended Complaint, Plaintiff alleges the following facts relevant to his medical negligence claim:

---

[4] Rather, Plaintiff alleges that "[o]n numerous occasions" he requested "medication and assistance" to manage his pain "to numerous members of the medical staff at USP Florence." [Doc. 75 at 14–15]. Although this allegation is *similar* to Plaintiff's assertion in his Response, it does not contain the specific information that Plaintiff now asserts in his response brief.

[5] Plaintiff's response brief is not signed under penalty of perjury. *See* [Doc. 192].

- "On numerous occasions, Curphey requested medication and assistance to manage the pain associated with his shoulder injuries."
- "Curphey made these requests to numerous members of the medical staff at USP Florence."
- "Curphey would often ask [Health Services Administrator] Lindgren for assistance. In response to his request, Lindgren stated that he should 'try acting like a man instead of a woman' and would ask if he 'learned anything' from his actions."
- "After weeks and weeks of requesting assistance, Curphey finally convinced [Dr.] Norton . . . to evaluate and examine him . . . in May 2020."

[Doc. 75 at 14–15].

"Where the court treats a verified complaint as an affidavit, whether this affidavit in opposition to summary judgment is 'sufficient to create a genuine issue of material fact must be evaluated in light of the principle that conclusory allegations without specific supporting facts have no probative value.'" *Thompson v. Rios*, No. 07-cv-00025-PAB-KLM, 2010 WL 749859, at *5 (D. Colo. Mar. 2, 2010) (quoting *Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990)). The Tenth Circuit has recognized that "there may be cases where the sole reliance on a verified complaint would be insufficient to meet a nonmoving party's burden [at summary judgment], especially when the allegations contained in the pleading are merely conclusory." *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988).

Plaintiff's very limited assertions provide little support for his medical negligence claim, and the Court respectfully concludes that Plaintiff has not adduced sufficient evidence from which a reasonable jury could find, based on their common knowledge and experience, a "dereliction of duty so palpable as to be apparent without the presentation of expert testimony." *Boigegrain*, 784 P.2d at 850. This is because a reasonable juror would not know, based on Plaintiff's cursory allegations, whether any BOP official actually breached a standard of care. For example, there is no competent evidence before the

Court demonstrating (1) what Plaintiff reported about his pain and/or symptoms (i.e., how Plaintiff described the severity or intensity of his pain and/or symptoms or what information Plaintiff provided to BOP officials); (2) how often Plaintiff requested medication or treatment; (3) to whom Plaintiff directed his requests for medication or treatment, aside from a vague statement that he "often" asked Health Services Administrator Lindgren "for assistance"; or (4) what Health Services Administrator Lindgren's actual role was. Without more information, Plaintiff has not adduced sufficient evidence of a "clear and palpable" deviation from an obvious standard of care, *see Boigegrain*, 784 P.2d at 850, and expert testimony would be required to establish the applicable standard of care in the circumstance framed in Plaintiff's Second Amended Complaint—i.e., whether a prison health services administrator appropriately responded to an inmate's "numerous" requests for "medication and assistance." [Doc. 75 at 14–15].

This case, therefore, is one of the "great majority of cases," *see Williams*, 72 P.3d at 397, in which Plaintiff "must establish the controlling standard of care, as well as the defendant's failure to adhere to that standard, by expert opinion testimony," *Melville*, 791 P.2d at 387. Because Plaintiff has not adduced any such evidence, he cannot prevail on his claim. Accordingly, Defendant's latter two objections are respectfully **SUSTAINED**.[6] The Court concludes that Defendant is entitled to summary judgment on Plaintiff's

[6] This Court concludes that expert testimony is required to prove Plaintiff's claim, and because Plaintiff has not presented any, summary judgment is appropriate. *See* [Doc. 190 at 8–11 (Defendant arguing that summary judgment is appropriate because he has not adduced expert testimony to establish a breach of the duty of care)]. This conclusion is sufficient to grant Defendant's Motion for Summary Judgment, and the Court does *not* reach Defendant's argument about whether *Berk* did or did not render the certificate-of-review requirement inapplicable in federal court, *see* [Doc. 190 at 13 ("The Supreme Court's recent decision in *Berk . . .* does not render Colorado's certificate-of-review statute inapplicable in this case.")].

remaining medical negligence claim. The Court respectfully declines to adopt Judge O'Hara's Recommendation that the claim proceed to trial.[7]

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Court respectfully **DECLINES** to adopt Judge O'Hara's Recommendation [Doc. 194];

(2) Defendant's Objection[s] to Magistrate Judge's Recommendation [Doc. 198] are **SUSTAINED**;

(3) Plaintiff's Objections to Report and Recommendation [Doc. 197] are **OVERRULED as moot**;

(4) The Motion for Summary Judgment [Doc. 190] is **GRANTED**;

(5) The Clerk of Court shall enter judgment in favor of Defendant and close this case;

(6) The Court declines to award costs under Local Rule 54.1;[8] and

[7] Accordingly, Plaintiff's objections to the Recommendation, [Doc. 198], are respectfully **OVERRULED as moot**.

[8] Typically, costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). But a court may, in its discretion, decline to award costs where a "valid reason" exists for the decision. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). Because Plaintiff is a pro se litigant proceeding in forma pauperis, *see* [Doc. 4], the Court declines to award costs in this case, *see Shapiro v. Rynek*, 250 F. Supp. 3d 775, 779 (D. Colo. 2017) ("[A] district court does not abuse its discretion in denying costs when . . . the non-prevailing party is indigent." (citation omitted)).

(7) A copy of this Order shall be sent to:

Timothy Dean Curphey, #18750-030
Coleman Medium Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1032
Coleman, FL 33521

DATED: September 30, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge